Contracts; services contract; constructive change; random display sample; site inspection; remand to administrative hoard. — Plaintiff entered into a contract with the Army for removal of bridge components from storage, cleaning and repackaging thereof. The invitation for bids contained an on site inspection clause advising bidders that samples of the bridge components on display were selected at random from among the bridging equipment to be processed, and that the display would not preclude bidders from surveying the balance of the bridging materials. A site visit clause urged bidders to inspect the site and indicated that failure to inspect the site would not constitute grounds for a claim after contract award. Prior to bidding plaintiff’s representative visited the site and saw the sample display, the latter consisting of one sample from each of eight component groups to be processed, together with a complete package of each group; he also had a tour of the open area where the huge collection of materials were stored, of which, under the contract, only a fraction were to be processed at the selection of the Government. Plaintiff asserts that in preparing and submitting its bid, it reasonably relied upon components selected at random and on display as representative of the condition of the materials it would be required to process, and contends both here and administratively that defendant constructively changed the contract by requiring it to process certain items in a substantially more deteriorated condition than it had anticipated in bidding, with resulting sizable loss. Trial Judge Harry E. Wood in his decision filed December 7, 1972 *1088 recommended that the case be remanded to the contract appeals board for further proceedings, holding, inter alia, that the board erred in failing to consider whether there was a constructive change if plaintiff received materials for processing which were far rustier than it had reasonably anticipated in 'bidding, that the administrative decision rests essentially upon an erroneous legal conclusion, and that the board having grossly misstated the amounts of the Government estimates for the contract should reexamine plaintiff’s bid vis-a-vis defendant’s .actual estimates and whether defendant was aware of plaintiff’s estimated labor costs for the area. This case came before the court on defendant’s request for review of the Trial Judge’s recommended decision. After considering the case on the briefs and oral argument of counsel, the court agrees with the decision and adopts the same as the basis for its judgment in this case with indicated modifications. On- June 1, 1973 the court, by order, granted plaintiff’s motion for summary judgment to the extent stated in the Trial Judge’s recommended decision, and remanded the case to the Armed Services Board of Contract Appeals pursuant to Pub. L. 92-415 with directions to reconsider the case in accordance with the Trial Judge’s decision, and to render its decision on the basis of such reconsideration.
Nichols, Judge, dissents; he would affirm the board’s decision, and SeeltoN, Judge, joins in the dissent.